Good morning, Kevin. Good morning, Your Honor. Kevin Ng with Mark and Zussman & Compton for the Defendants and Appellants, Associated Financial Group, Associated Securities Corp. Would you please keep your voice up? That is not a microphone. It's a recording device. I apologize, Your Honor. No. No apologies needed. Just keep your voice up. Associated for the Defendants and Appellants, Associated Financial Group, Associated Securities Corp. and Associated Planners Investment Advisory. So this matter is an appeal from the District Court's denial of the Defendant's motion for attorney's fees pursuant to the Private Securities Litigation Reform Act, or the PSLRA. The two issues that are pertinent today, the first one is a purely legal issue of whether the District Court erred when it held that this 21-day safe harbor of Rule 11c2 of the Federal Rules of Civil Procedure applies to motions that are brought pursuant to the PSLRA. The second issue is whether the District Court erred in declining to award fees pursuant to the Defendant's PSLRA motion in light of the fact that there was substantial evidence in the record before it that there were violations of Rule 11's requirements. If the Court has no preferences, I would prefer to address the issues in the order that they were presented. I'll ask you one question about the second issue. You said that there was the Court erred because there was substantial evidence before it. Is that standard for reviewing the Court's finding? And aside from standard reviewing its finding, is it enough to say there's substantial evidence as to one side before it? Your Honor, the – you correctly point out the standard as to the grant or denying of fees. And then is it both standard for grant or denial and then standard of review? It is – the decision is in the discretion of the District Court and it is reviewed for abuse of discretion. Well, it can't be totally within the discretion of the District Court. What burden do you have to get fees? In this situation, Your Honor, we have the burden to show that there were – that there were significant departures of Rule 11. And that can be expressed in different ways. For example, in terms of review of a complaint requires a lack of objective basis for the claims. There are – but the PSLRA also modifies that standard. Although it does incorporate the substantive standards that are set forth in Rule 11 and I believe the courts have also looked to the cases interpreting Rule 11 motions, the PSLRA modifies that by also covering dispositive motions, for example. So it actually is to some extent broader than the traditional Rule 11 standards. What weight should we give to the fact that Mr. Kelter voluntarily dismisses claims against AFG in APIA? Isn't that some indication of good faith on his part? It is – first, it's not entitled to significant weight, Your Honor, because the voluntary dismissal of claims under the PSLRA does not foreclose that mandatory review or whether it's appropriate to award sanctions in the right circumstances. So, for example, if the claims were brought naming parties without any basis, without any factual basis or legal basis, there is a substantial Rule 11 violation under the PSLRA, which to a degree within this limited sphere of private securities litigation, rolls back the clock on the 21-day safe harbor that was added to Rule 11. Is that your strongest argument for fees? Well, I would suggest that there was a great deal of evidence. It did not appear from the district court's opinion, which is a very brief order, and it was issued without oral argument. The district court just ruled on the papers, and it's very brief. But the text of the order was that there was no indication that there were Rule 11 violations. And on the record, as it stands, we believe that that is not correct. And the inquiry that is called for in these situations, when a court is faced with a dismissal of a securities case governed by the PSLRA, the inquiry is, of course, a mandatory inquiry per Congress's mandate. And that analysis must go to all parties and all attorneys. So it is a very searching inquiry, and the courts are also required to weigh the merits in the entirety. So if it's a large number of baseless claims asserted with perhaps one meritorious claim, that does not foreclose the possibility of sanctions. So it does not appear that the court conducted a complete analysis. The order itself only addresses the plaintiff. But as the procedure has developed since that time, there are now fragmented groups. We have the only other opposing party today is the Enterprise Counsel Group, which is the former plaintiff's counsel appearing pro per. We have no one appearing for the plaintiff now, and their former colleague has not appeared, and he has not made any submissions today. So there is a complexity that's in play now that is not adequately addressed in the district court's order. Thank you. Anything else? Briefly on the issue of the applicability of the safe harbor in a PSLRA case, there are numerous district court opinions, of course, that have looked at this issue and determined that it is not appropriate to apply the 21-day safe harbor. Is there any case that says it is appropriate? I am not aware of any published cases that ---- I'm going to ask that of opposing counsel as well. Thank you. But I would note that there were no authorities provided in the district court or in the briefing before this court by the appellees. To the contrary, whereas we did cite numerous district court cases, which were adopted by and cited with authority by Andy Schwartz and Tashima and Wagstaff, as well as a recent opinion from the Second Circuit that followed the analysis of those cases, the prior district court cases, and found expressly that the safe harbor does not apply. Thank you.  Thank you. Good morning, Your Honor. May it please the Court. My name is Benjamin Pugh of and for the Enterprise Counsel Group. And I'm honored to be in the courtroom today. This is my first argument in front of the Ninth Circuit. Welcome. I wish it was under different circumstances. Well, if you win, Pugh, it doesn't matter. The first thing I'd like to say is that sloppy lawyering is not frivolous action. You readily can see that there was sloppy lawyering in this case. But that's not what the trial court looks at when it rules on a Rule 11 motion, and that's not what this panel looks at when it reviews the trial court's denial of the Rule 11 sanction motion under an abuse of discretion standard. I know that Your Honor touched upon that. The standard is an abuse of discretion. And whether there's any evidence in the record to support the trial court's finding, then this panel's review is over. And I think we went through the substantial amount of evidence in the record supporting the grounds for our filing the lawsuit against all of the associated defendants. Could you tell me a little bit more about the RICO claim that you brought, but voluntarily dismissed before discovery opened? Sure. I don't see much about that in your brief. No. Is there anything in the record that explains what caused you to change your mind? Well, yes. First off, that RICO claim was brought in the initial complaint that was signed by Mr. Goldberg. It was alleged in the first amended complaint also as a carryover claim that was signed by Mr. Wagner of Enterprise Counsel Group. In the record, I believe it's 571, there is an indication that as soon as the associated defendants indicated in the meet and confer process before they filed a motion to dismiss that RICO isn't available in securities law, in securities fraud cases, we voluntarily dismissed it immediately without even having them having to file the motion. I'd also point out that in response to the initial complaint, none of the other defendants pointed that out. Mr. Forrest answered, Mr. Conde answered, and several of the APEX people moved to change venue. So if Mr. Goldberg missed the fact that RICO had been amended in 1995 to eliminate securities fraud claims from the predicate offenses, everybody missed it here. And it was immediately dismissed, and there has been no harm to anybody. And that brings up a very important case that I'd like to discuss with the panel. We didn't brief it, but we just located it. It's a memorandum decision from 2007, and it is Lowry v. Blue Steel Releasing, Inc., and that is 261 Federal Appendix 17. So we have certain rules about signing memorandum dispositions that are not published. Yes, it's post-2007. The second question would be whether you've informed opposing counsel of this case or submitted this 28-checking letter. I just saw it last night, literally, after close of business. Well, go ahead, but you need to read our rules. I apologize, but all I can say is I found it last night after close of business. The case was a securities law or securities fraud case where a plaintiff had given someone $75,000 expecting to buy stock and simply didn't get the stock back. The plaintiff asserted both securities fraud claims and a RICO claim and voluntarily dismissed the securities fraud claims at some point when, you know, the memorandum decisions aren't that clear and all the facts, but when they realize that that That's why we don't generally cite them. But here's the – exactly. And I'm not saying that it's binding, but it's very instructive for this point, that the Court says Dovbisch, which is the person seeking sanctions, this is a same case, seeking sanctions under the Reform Act after the case is over. Dovbisch fails to distinguish the cause of action from the transaction that gave rise to the cause of action. The case essentially holds that if you have a core set of facts that you have alleged, that you've adequately researched, that entitled you to some relief, the mere fact that you have alleged a legal theory in your complaint that wasn't tenable and voluntarily dismissed it once you figured that out, that does not warrant Rule 11 sanctions. That also is, on the flip side, on the factual basis, the case cited in the briefs, Greenberg v. Hill, 822 F. 82, from a 1987 case, so a pre-Safe Harbor case, essentially holds that, again, if you have – if you're correct on your core set of facts in your complaint, if you make some factual errors, that's not enough to impose Rule 11 sanctions on you for filing the complaint, as long as the core set of facts upon which you base your complaint is well-founded and well-grounded. Is that case cited in your brief? The case is cited in the appellant's opening brief. All right. That's fine, as long as we know that it's out there. It's out there and it is cited. It's cited for a different proposition, but it is cited in their brief. Could you answer another question, Mona? Are you aware of any case holding that the Safe Harbor provisions of Rule 11 apply in cases brought under the PSLRA? This is how I think it works, Your Honor. The first question was are there any cases. Are you aware of any cases? I'm not aware of any cases. All right. That answers the question. I'm not aware of any cases. We can figure out how to look at it without cases. Well, the cases that I've seen, each of the motions under sanctions that have been brought under the Reform Act have been brought after the completion of the entire action as to all claims and all parties. So there never really was a question of whether the Safe Harbor applied. Here we have a motion that was brought before the resolution of the entire action and all parties. And, in fact, this morning my co-counsel checked the docket. The case still isn't complete. There was a settlement read into the record with the last remaining defendant, Mr. Forrest, but there has been no judgment submitted and no judgment entered. And under Federal Rule of Civil Procedure 54B, in the absence of a judgment, nothing is final in the trial court, not even the order granting summary judgment. And that's a very important reason why we believe this motion is premature. It's not appropriate for the court to make its omnibus Rule 11 findings under the Reform Act piecemeal throughout the case. If the court was required to make such findings with request or with respect to the associated defendants in the middle of the case, when the trial against Mr. Forrest was still then pending, Mr. Forrest would be getting really an unfair advantage, getting to have us, you know, open up our kimono and explain all of our pretrial investigation, introducing the record, you know, borderline attorney-client privilege communications and attorney work product. That's not what the Reform Act was designed to do. It was designed for the very end of the case when all the defendants have been, all the claims and all the defendants have been resolved, for the court to make findings and enter them into the record. So are you saying this is not an appealable order? Looking at it, I think there's a very serious question about whether this is an interlocutory order and whether this is appealable. And I think it would be a narrow ground, but it would be appropriate simply to dismiss this as not right at this time. The other reason for the mention of the safe harbor is that the Reform Act specifically only concerns complaints, responsive pleadings, and dispositive motions, whereas the initial Rule 11 motion brought before the trial court complained of behavior in other motion practice and in discovery. To the extent that Rule 11 motion was directed to that behavior, it must provide the 21-day safe harbor. Did you say in your brief that this wasn't an appealable order? We said it was premature in our brief. I don't think we said specifically that it was a non-jurisdictional appealable order. Well, the district court's action was premature, or our hearing the appeal from it is premature? I believe we said both in our brief. I don't think we said specifically that that deprives the court of jurisdiction. And I think we said in our brief that we thought that the case was over, and we made the same argument to the trial court that, at some point, the trial court is going to have to make Rule 11 findings, and we believe we've complied with Rule 11. But in looking at the jurisdictional section of their opening brief, I wasn't convinced. I know we didn't raise it in our brief, and I can only apologize for that, but as far as the jurisdictional issue, I think there's a serious question. All right. Thank you. Thank you, John. Time's up. I still have a green light. You have a green light. You've got five seconds. Okay. So take ten. Okay. Just finally, with respect to AFG and APIA, the control person definition is broad enough to encompass anybody who exerts any sort of control, and it specifically includes a section that control could be exerted. Now it's the red light, and you're more than done. Now it's the red light. Okay. Can I quote the last section of that definition? That's the important part. Three sentences. Or three words. Three words you can have. Okay. No more. Okay. The definition of control includes ownership of controlling securities. Sorry, that's three words. Three words. Thank you, counsel. Thank you, Your Honor. Thank you. Just a brief response. I might interrupt you. If the district judge had for some reason agreed with you that a portion of the plaintiff's work could violate Rule 11, but not the whole, how would the judge have parceled out in your motion for fees that portion that may have, if he concluded it did violate Rule 11? I think that there are various formula for doing that. One option is, of course. Did you present that to the court? It was not presented because we simply made the request. We filed the papers, and we were the issue of apportionment never arose. So at least what the judge had, he had to either give you everything or nothing. That is. A basis by which he could have made the apportionment if he concluded it was correct. That's right. The way the order was, it was an all or nothing proposition. I don't understand that. Tell me about the jurisdiction. Do you think it's a premature appeal? I do not think it is a premature appeal, Your Honor. I think that there is appellate jurisdiction. Because it was a final judgment, as a case over, or because it's an interlocutory appeal? Well, the specific appeal, this particular appeal is from the order denying attorney's fees, which is separately appealable. Even in the middle of a trial? I believe it is. You're right.  It's always after a trial. I've never heard of separately appealable in the course of a trial. That is my general understanding, Your Honor. I do not know of cases specifically dealing with our particular procedural issue. What's still open in the district court? Actually, Your Honor, there is nothing open. The order of the – there was one remaining claim against the sole remaining defendant, Mr. Forrest. It was a breach of fiduciary claim set for trial. On the morning of trial, the party settled, and that was memorialized on the record and in a minute order. I believe it was in mid-September of 2009. The district court's order instructed plaintiffs to prepare a stipulated judgment to memorialize that settlement and have a judgment on the record. That has not happened. It appears the plaintiff has not done that. The – but the idea that the appellees have suggested that that indefinitely opens up this case is just wrong because there is the outside 150 days from the entry of that order, and that period has lapsed. That was over in mid-March. So even if there was any – Was the appeal filed before the day that you say the case was set for trial and then was ultimately resolved? The – our notice of appeal was filed before that. So trial on one of the claims was pending at the time you filed your notice of appeal. I believe it did not. I was not – I'm not sure that the trial had been set. I know that it had been continued following the summary judgment motions, but there was not a – an entire dismissal of all proceedings in the district court. Thank you, counsel. Thank you. Thank you. The case discharges will be submitted. Court will recess for a period.
judges: Whaley, Nelson D. W., Reinhardt